Argued and submitted January 14, affirmed February 9, 1981

In the Matter of the Conservatorship of
Augusta W. Brusch, a protected person.

FERDIG,
*Appellant,*
*v.*
WENDT,
*Respondent.*

(No. 76-10-19P, CA 17057)

622 P2d 1157

Rick T. Haselton, Portland, argued the cause for appellant. With him on the briefs were W. W. Kirtley and Lindsay, Hart, Neil & Weigler, Portland.

Wade P. Bettis, Canby, argued the cause for respondent. With him on the brief were Emil R. Berg and Bettis & Reif, Canby.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

PER CURIAM.

**PER CURIAM.**

The parties are children of Augusta Brusch, who died in 1979. Margaret Ferdig was conservator of Mrs. Brusch's estate during her lifetime. Walter Wendt, is now personal representative of Mrs. Brusch's estate. He and his sister, Dorothy Bany, challenged Mrs. Ferdig's final accounting as conservator. Most importantly, they dispute Mrs. Ferdig's claim that she has a survivorship interest in three joint bank accounts on which she and Mrs. Brusch were so-signatories.

The probate court found:

"With regards to the bank accounts of Mrs. Brusch at Canby Union Bank, the evidence indicates that no survivorship rights were intended to be conferred on the daughter, Margaret Ferdig. It was the intent of Mrs. Brusch that her children should share these accounts equally. The addition of the name of Mrs. Ferdig to those bank accounts was done for convenience so Mrs. Ferdig could sign checks when Mrs. Brusch couldn't get around. The evidence is clear that Mrs. Brusch was adamant that her children should be treated equally and therefore all of those accounts belong to the decedent's estate."

Mrs. Ferdig has appealed. This court's review of the record is de novo. ORS 19.125(3).

There are no disputed questions of law in the case. The issue before us is purely one of fact. There is no contention of fraud, undue influence or lack of capacity. The issue is whether the joint accounts passed to Mrs. Ferdig or to her mother's estate.

Our independent review of the record convinces us that the probate court was correct in its application of the law to the facts of this case.

Affirmed.